H. M. SPARGER, Trustee, and WORKMEN'S BUILDING AND LOAN ASSOCIATION v. HENRY WOLFE, Trustee, and J. H. FULTON.

(Filed 16 April, 1930.)

**Mortgages C c—Release by cestui que trust after transfer of note to bona fide purchaser does not affect title of trustee.**

Where the payee of a note secured by a deed of trust on lands constituting a first lien by reason of prior registration, transfers and assigns the notes to another for value, and executes a release for the purpose of giving a junior registered mortgage priority of lien, the title in the first trustee is unaffected by the release executed after the transfer of the notes and the first deed of trust retains its priority, and injunction will not lie to restrain foreclosure under the prior trust deed.

APPEAL by plaintiffs from *Sink, Special Judge,* at January Special Term, 1930, of SURRY. Affirmed.

This is an action to determine which of two deeds of trust has priority—the deed of trust to the defendant, Henry Wolfe, trustee, or the deed of trust to the plaintiff, M. H. Sparger, trustee.

The land described in the complaint was conveyed by the owner to said trustees to secure the payment of his notes described. in said deeds of trust.

The deed of trust to the defendant, Henry Wolfe, trustee, was executed and registered prior to the execution and registration of the deed of trust to the plaintiff, M. H. Sparger, trustee.

After the registration of the deed of trust to the defendant, the payee of the note secured thereby executed a release, in writing, of the land conveyed by the said deed of trust, for the purpose, as recited in said release, of making the deed of trust to the plaintiff, M. H. Sparger, trustee, prior to the deed of trust to the defendant, Henry Wolfe, trustee. Prior to the date of said release, the said payee had transferred and assigned the said note, for value, to the defendant, J. H. Fulton, who was then and is now the holder of said note.

The action was heard on the motion of the plaintiffs that a temporary restraining order, enjoining the defendant, Henry Wolfe, trustee, from

selling the land described in the complaint, under the power of sale contained in the deed of trust to him, to be continued to the hearing.

From judgment dissolving said temporary restraining order, plaintiffs appealed to the Supreme Court.

*Carter & Carter for plaintiffs.*
*Folger & Folger for defendants.*

PER CURIAM. The judgment dissolving the temporary restraining order is affirmed.

The release executed by the payee of the note secured by the deed of trust to the defendant, Henry Wolfe, trustee, after the said payee had transferred and assigned the said note, for value, to the defendant, J. H. Fulton, the present holder of the note, has no effect, in law or in equity, upon the title of the trustee to the land conveyed to him by the deed of trust. The defendant, Henry Wolfe, trustee, holds the legal title to the land conveyed to him by the deed of trust as security for the payment of the note described in said deed of trust. As the release is without effect upon the title of the trustee to the land conveyed to him by the deed of trust, the said deed of trust retains its priority over the deed of trust to the plaintiff, M. H. Sparger, trustee, resulting from its prior registration.

Upon the facts admitted in the pleadings, plaintiffs are not entitled to the relief sought by this action. There is no error in the judgment dissolving the temporary restraining order.

Affirmed.